IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESQUIVEL MENDEZ, | CASE NO. 1:07-cr-00058-LJO |
| Movant, | **RECONSIDERATION ORDER** |
| vs. | (Doc. 255) |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION

Jose Esquivel Mendez ("Mr. Mendez") is a prisoner in federal custody. Now before the Court is his pro se motion to reconsider this Court's order denying his counseled 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. For the reasons discussed below, this Court DENIES Mr. Mendez's motion.

## II. BACKGROUND

Mr. Mendez was indicted for conspiracy, drug, and immigration charges for his involvement in a crystal methamphetamine sale. (Doc. 102). Prior to trial, Mr. Mendez and the government engaged in plea negotiations. (Doc. 250-4). According to Mr. Mendez's trial counsel, Mr. Mendez requested that counsel negotiate a ten year deal. (Doc. 250-4, ¶ 5). Counsel obtained an offer of eleven years, then an offer of ten years but Mr. Mendez refused both. (Doc. 250-4, ¶ 6). Counsel then obtained an offer of eight years which Mr. Mendez also refused. (Doc. 250-4, ¶ 7). Mr. Mendez told counsel that he

1

wanted to see if he could get a better deal on the day of trial. (Doc. 250-4, ¶ 8). Counsel told Mr. Mendez that the government did not ordinarily keep offers open on the first day of trial. (Doc. 250-4, ¶ 15).

Nonetheless, on the trial date, Mr. Mendez attempted to accept the eight year offer. (Doc. 250-4, ¶ 10). The government refused. (Doc. 250-4, ¶ 11). The government explained in open court that its usual policy is that on the day of trial, the defendant is required to plead to the charges. (Doc. 190, p. 5). Mr. Mendez was not willing to plead to the charges so a trial ensued. (Doc. 190, p. 6). The jury found Mr. Mendez guilty (Doc. 152) and the Court sentenced Mr. Mendez to 292 months imprisonment (Doc. 194, p. 17).

After an unsuccessful appeal (Doc. 233), Mr. Mendez filed a pro se § 2255 motion. (Doc. 241). Shortly thereafter, Mr. Mendez's appellate counsel moved for an expansion of her appointment to represent Mr. Mendez on his § 2255 motion. (Doc. 243). This Court granted counsel's motion, struck Mr. Mendez's pro se motion, and authorized counsel to file an amended motion. (Doc. 244). In the amended motion, counsel argued that Mr. Mendez received ineffective assistance of counsel when his trial counsel failed to ensure that his acceptance of the government's offer was timely. (Doc. 250). This Court determined that Mr. Mendez failed to demonstrate that he received ineffective assistance of counsel. (Doc. 254, p. 4-6). This Court reasoned that counsel ensured that Mr. Mendez had the tools he needed to make an informed decision by communicating the government's offer in a timely manner and communicating the possibility that the offer may not be available on the first day of trial. (*Id.*).

Now before the Court is Mr. Mendez's pro se motion to reconsider this Court's order denying his counseled § 2255 motion. (Doc. 255). Mr. Mendez requests this Court to reconsider its order because the Court was unaware of the fact that the government's offer was not communicated to him until two days before trial. Mr. Mendez also reiterates his argument that he received ineffective assistance of counsel when counsel failed to advise him when the government's offer expired. In addition, Mr. Mendez raises a competency issue and requests a copy of the § 2255 motion filed by appointed counsel. This Court did not order the government to respond to the instant motion.

### III. LEGAL STANDARD

A basic principle of federal practice is that courts generally refuse to reopen decided matters.

2

*Magnesystems, Inc. v. Nikken*, 933 F. Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam), *cert. denied* 490 U.S. 1059 (1989); *see Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief"). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

## IV. DISCUSSION

**A. Timeliness of Offer**

Mr. Mendez requests this Court to reconsider its order because the Court was unaware of the fact that the government's offer was not communicated to him in a timely manner. He alleges that the government communicated the offer to defense counsel a week before trial but that the offer was not communicated to Mr. Mendez until two days before trial. Mr. Mendez further argues that defense counsel should have requested a continuance to give him more time to think about the offer because defense counsel knew that Mr. Mendez needed to consult his wife, who was on her way from Mexico, before making a decision.

Mr. Mendez's allegation that the offer was not communicated to him until two days before trial is belied by the record. On the first day of trial, counsel explained that the government "made us an offer last week that I conveyed to my client." (Doc. 190, p. 4). Counsel also stated, "I know that we have had that offer for about a week." (Doc. 190, p. 5). Although counsel did not state the exact date he communicated the offer to Mr. Mendez, counsel's statement that "we have had that offer for about a week" insinuates that counsel communicated the offer to Mr. Mendez when he received it.

Even if the eight year offer was not communicated to Mr. Mendez until two days before trial, Mr.

Mendez had ample time to decide whether he wanted to accept a plea deal because he received two prior offers from the government. Counsel negotiated an eleven and ten year deal which Mr. Mendez refused. Thus, the eight year offer was not the first time Mr. Mendez had a chance to consider accepting a plea deal.

Mr. Mendez's argument that counsel should have requested a continuance to give him more time to think about the offer is unpersuasive. Mr. Mendez argues that defense counsel knew that Mr. Mendez needed to consult with his wife, who was on her way from Mexico, before making a decision. The trial began on Tuesday, April 28, 2009. (Doc. 190, p. 1). Mr. Mendez's wife arrived on Sunday and the two discussed the offer. (Doc. 190, p. 4). Counsel met with Mr. Mendez's wife on Sunday as well and explained the situation to her. (Doc. 250-4 ¶ 9). On Monday, counsel met with Mr. Mendez but Mr. Mendez still had not made a decision. (Doc. 190, p. 4-5). Because the record shows that counsel advised both Mr. Mendez and his wife regarding the offer in a timely manner, there was no need for a continuance.

**B. Expiration of Offer**

Mr. Mendez also rehashes one of the arguments raised in his § 2255 motion. He contends that he received ineffective assistance of counsel when counsel allegedly failed to advise him when the government's offer expired. As discussed in this Court's prior order, counsel communicated to Mr. Mendez that the government does not ordinarily keep plea offers open on the first day of trial. (Doc. 250-4, ¶ 15). Thus, Mr. Mendez knew that he needed to make a decision before the trial date.

**C. Competency**

Mr. Mendez makes a brief argument regarding his competency to accept a plea offer or stand trial. He alleges that "it is documented" that he was on mental health medication during the plea negotiations and trial. The Court is unaware of any evidence in the record, and Mr. Mendez does not point to any evidence, which places Mr. Mendez's competency in question.

**D. Service of § 2255 Motion**

Mr. Mendez alleges that he never received a copy of the § 2255 motion prepared by counsel Kathleen C. Page or the declaration submitted by his trial counsel in support of the motion. The Clerk is DIRECTED to serve Doc. 250 and its attachments on Mr. Mendez.

**V. CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES Mr. Mendez's motion for reconsideration and
2. DIRECTS the clerk to serve Doc. 250 and its attachments on Mr. Mendez.

IT IS SO ORDERED.

Dated:   **December 21, 2012**        /s/  **Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE