# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:07-CR-58-LJO-3 |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| JOSE ESQUIVEL MENDEZ, | |
| Defendant. | ECF No. 270 |

Before the Court is Defendant Jose Esquivel Mendez's ("Defendant") *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) ("§ 3582(c)"). *See* ECF No. 270. By his motion, Defendant, citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), asserts that he should benefit from Amendment 794[1] to the United States Sentencing Guidelines ("USSG" or "Guidelines") and requests that the Court grant him a 3-level minor role reduction and reduce his sentence. *Id.* Upon review of the record in the case, including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court has determined that a response from the Government is not necessary. For the reasons that follow, the Court DENIES Defendant's motion for a sentence reduction.

---

[1] Amendment 794 modified the commentary of USSG § 3B1.2 and directed that sentencing courts must consider the following factors in determining whether to apply a minor role reduction:

    (i)    The degree to which the defendant understood the scope and structure of the criminal activity;
    (ii)   (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
    (iii)  (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
    (iv)  (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
    (v)   the degree to which the defendant stood to benefit from the criminal activity.

*United States v. Quintero-Leyva*, 823 F.3d 519, 523-24 (9th Cir. 2016

1

## I. BACKGROUND

On May 1, 2009, following a jury trial, Defendant was convicted of the following counts in a second superseding indictment: Count 1, violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine; Count 2, violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2, Possession with Intent to Distribute Methamphetamine, and Aiding and Abetting; and Count 3, violating 8 U.S.C. § 1325(a)(2), Avoidance of Examination by Immigration Officers. PSR ¶ 1; ECF No. 152.

According to the PSR, over two kilograms of actual methamphetamine was involved in Defendant's offense. PSR ¶ 18. Pursuant to USSG § 2D1.1(c)(1), Defendant's base offense level was 38[2], *see id.*, the offense level was increased by two because Defendant had willfully obstructed or impeded the administration of justice with respect to the investigation or prosecution of the instant offense pursuant to USSG § 3C1.1, *see id.* at ¶ 22, and his criminal history was category I (based on 0 criminal history points). *See id.* at ¶ 28. The PSR did not recommend any adjustment for Defendant's role in the offense, stating that "while there is insufficient information to indicate [Defendant] held an aggravating role, it is further believed he did not hold a mitigating role, and consequently no role adjustment is recommended." *Id.* ¶ 21. Furthermore, because Defendant had denied the elements of the offenses, was convicted after a jury trial, and declined to make a statement to the Probation office, the PSR did not recommend a reduction for acceptance of responsibility. *Id.* ¶ 24.

The Guidelines range for a defendant with an offense level of 40 and a criminal history category I is 292 to 365 months of imprisonment. *See* USSG Ch. 5, Pt. A. The PSR therefore recommended a sentence of 292 months. PSR at 14.

On August 28, 2009, this Court sentenced Defendant to a term of 292 months of imprisonment for all three counts. *See* ECF Nos. 181 & 194 (transcript of sentencing hearing). On September 9, 2009,

---

[2] Under the 2008 edition of the Guidelines, an offense involving 1.5 kilograms or more of actual methamphetamine would result in a base offense level of 38. USSG § 2D1.1(c)(1) (2008).

Defendant appealed his conviction to the Ninth Circuit. ECF No 189. His argument on appeal was that his trial counsel provided ineffective assistance. ECF No. 233 at 2. The Ninth Circuit affirmed Defendant's conviction on October 5, 2011. *Id*.

On September 17, 2012, Defendant, through counsel, filed a motion pursuant to 28 U.S.C. § 2255, therein arguing that he suffered from ineffective assistance of counsel. ECF No. 250. The Court denied Defendant's § 2255 motion on November 30, 2012. ECF No. 254.

On October 19, 2015, Defendant filed a *pro se* motion to reduce his sentence pursuant to § 3582(c)(2), therein requesting a reduction in his sentence pursuant to Amendment 782[3]. ECF No. 262. Pursuant to Eastern District of California General Order 546, the Court appointed the Federal Defender's Office to represent Defendant in this motion. ECF No. 263. On November 24, 2015, the Court granted the parties' stipulated motion to reduce Defendant's sentence. ECF No. 265. The parties agreed that pursuant to Amendment 782, Defendant's total offense level had been reduced from 40 to 38, and his amended Guideline range was now 235 to 293 months, and that Defendant was entitled to benefit from Amendment 782. *Id*. at 2-3. The Court then ordered that Defendant's sentence be reduced to a total term of 235 months, comprised of 235 months on Counts One and Two, and six months on Count Three, to be served concurrently. *Id*. at 3; ECF No. 269.

Defendant's second[4] § 3582(c)(2) motion is now before the Court. ECF No. 270.

## II. **LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010). "This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *United States v. Rodriguez-Soriano*, ___ F.3d___, 2017 WL 1591135, at *2

---

[3] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014).

[4] The Court has jurisdiction to entertain Defendant's second § 3582(c)(2) motion. *United States v. Trujillo*, 713 F.3d 1003, 1006-07 (9th Cir. 2013).

(9th Cir. May 2, 2017) (citing § 3582(c)(2)).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id*. That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d).

If the answer to step one is that a defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155. The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id*. at 1158.

### III. DISCUSSION

Defendant now requests a second reduction in his sentence under Amendment 794 and the Ninth Circuit's decision in *Quintero-Leyva*, arguing that the Court should apply a three-level reduction to his total offense level because of his allegedly minor role in the offense. *See* ECF No. 270.

In *Quintero-Leyva*, the Ninth Circuit reversed the district court's denial of the defendant's request for a minor role reduction pursuant to USSG § 3B1.2(b) on the basis that the United States Sentencing Commission's issuance of Amendment 794 on November 1, 2015, which amended the commentary to USSG § 3B1.2, applies retroactively on direct appeal. 823 F.3d at 521. The *Quintero-Leyva* court held that Amendment 794 is a "clarifying amendment" that applies retroactively on direct appeal, noted that the record did not clearly indicate whether the district court had considered all of the

4

factors listed in § 3B1.2 when it denied the defendant's request for a minor role reduction during his sentencing proceedings, and therefore reversed the district court's denial of the minor role reduction, and remanded with the instruction that the district court consider the factors in § 3B1.2, as amended by Amendment 794. *Id*. at 523. As the result of *Quintero-Leyva*, a defendant can successfully appeal a district court's denial of a § 3B1.2 minor role reduction if it is apparent from the record that the district court did not consider all of the factors now listed in § 3B1.2, even if the defendant was sentenced before the effective date of Amendment 794 so long as the defendant's case was not yet final or was pending direct review as of November 1, 2015. *See, e.g., United States v. Ismelda Sanchez*, 671 Fed. App'x. 682, 682 (9th Cir. Dec. 21, 2016) ("Because we cannot determine from the record whether the district court followed the guidance of [Amendment 794]'s clarifying language and considered all of the now-relevant factors, we vacate Sanchez's sentence and remand for resentencing under [Amendment 794]."); *United States v. Lopez-Diaz*, 650 Fed. App'x. 359, 360 (9th Cir. May 17, 2016) (same).

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Section 3582(c)(2) permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under USSG § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (a) none of the amendments listed in subsection (d) is applicable to the defendant; or (b) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." (emphasis added).

Here, although claims regarding the application of USSG amendments may be properly brought under § 3582(c)(2), *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995), it is clear that *Quintero-Leyva* has no application in § 3582(c)(2) proceedings, because *Quintero-Leyva* applies only in cases on direct appeal. *Seferos v. United States*, Case Nos. 1:16-CV-00399-EJL; 1:13-CR-00129-EJL,

2016 WL 6405810, at *2 (D. Idaho Oct. 27, 2016) (noting that in *Quintero-Leyva*, the Ninth Circuit held that "Amendment 794 is a clarifying amendment that applies retroactively on direct review, [but] it did not extend this holding to cases like Petitioner's, where collateral—rather than direct—review is sought"); *see also United States v. Stokes*, 300 Fed. App'x. 507, 508 (9th Cir. 2008) (holding that clarifying amendments do not apply retroactively in sentencing reduction motions pursuant to § 3582(c)(2)). The Court additionally notes that Defendant has already filed an appeal of his conviction, and the Ninth Circuit denied his appeal. ECF No. 233.

Furthermore, "Amendment 794 was not given retroactive effect for purposes of a § 3582 motion, as Amendment 794 is not listed among the covered amendments in USSG § 1B1.10(d) under the policy statement authorizing the court to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." *United States v. Nunez*, No. CR-13-00383-PJH-1, 2017 WL 119169, at *5 (N.D. Cal. Jan 12, 2017); *accord United States v. Cobb*, ___ F. Supp. 3d ___, 2017 WL 1209563 at *2-3 (E.D. Penn. Apr. 3, 2017) ("Amendment 794 does not apply retroactively to form the basis for a reduction of sentence under § 3582(c)(2)"). In other words, unlike Amendment 782, which is retroactive and did lower Defendant's Guidelines range, Amendment 794 has no effect on Defendant's Guidelines range and the Court lacks authority to use Amendment 794 as a basis to reduce his sentence. *See id*.

For these reasons, the Court concludes that the answer at step one is that Defendant is not eligible for a sentence reduction. *See Rodriguez-Soriano*, 2017 WL 1591135 at *2. To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step one is that a defendant is ineligible, the Court does not proceed to step two. *See* USSG § 1B1.10; *Dunn*, 728 F.3d at 1155. Defendant's motion for a sentence reduction pursuant to § 3582(c)(2) is therefore DENIED.

//

//

//

## IV. CONCLUSION AND ORDER

The Court concludes that Defendant has no basis for seeking a sentence reduction under § 3582(c)(2). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jose Esquivel Mendez's motion to reduce his sentence (ECF No. 270) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **CLOSE THE CASE.**

IT IS SO ORDERED.

Dated: **May 24, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE